**Appeal No. 23-2154**

# In the United States Court of Appeals for the Federal Circuit

EVELYN RODRIGUEZ THOMAS,

*Plaintiff-Appellant,*

v.

UNITED STATES

*Defendant-Appellee.*

**On Appeal from the United States Court of Federal Claims
No. 22-cv-426C, Judge Stephen S. Schwartz**

**CORRECTED BRIEF OF DEFENDANT-APPELLEE UNITED STATES**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

WILLIAM J. GRIMALDI
Assistant Director

BRITTNEY M. WELCH
Trial Attorney
United States Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480 | Ben Franklin Station
Washington, DC 20044
(202) 616-3753

*Attorneys for the Defendant-Appellee*

# **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................. ii

STATEMENT OF RELATED CASES ................................................................. 1

JURISDICTION ..................................................................................................... 2

STATEMENT OF THE ISSUE .............................................................................. 2

STATEMENT OF THE CASE ............................................................................... 3

    I.     Nature Of The Case ........................................................................ 3

    II.    Statement Of Facts And Course Of Proceedings Below ................ 3

          A.     Board Proceedings .............................................................. 5

          B.     Court of Federal Claims Proceedings ................................. 6

SUMMARY OF THE ARGUMENT ..................................................................... 7

ARGUMENT .......................................................................................................... 8

    I.     Standard Of Review ........................................................................ 8

    II.    The Board's Decision Was Made In Accordance With

          Applicable Law ............................................................................... 8

CONCLUSION ..................................................................................................... 14

# TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE(S)**

*Barnick v. United States*,
    591 F.3d 1372 (Fed. Cir. 2010) ................................................................. 8

*Baude v. United States*,
    955 F.3d 1290 (Fed. Cir. 2020) ................................................................. 8

*Thomas v. United States*,
    165 Fed. Cl. 417 (2023) ............................................................................ 3

**STATUES**

10 U.S.C. § 1409 ............................................................................................ 9

10 U.S.C. § 1409(b) ....................................................................................... 9

28 U.S.C. § 1295(a)(3) ................................................................................... 2

28 U.S.C. § 1491 ............................................................................................ 2

42 U.S.C. § 212 ......................................................................................2, 4, 9

42 U.S.C. § 212(a)(4) ................................................................................9, 11

42 U.S.C. § 212(a)(4)(A) .................................................................. 7, 9, 10, 13

42 U.S.C. § 212(a)(4)(B) .......................................................................7, 10, 14

42 U.S.C. § 212(a)(4)(B)(i) ...................................................................11, 12, 13

42 U.S.C. § 212(d) ................................................................................*passim*

## STATEMENT OF RELATED CASES

No appeal from this civil action was previously before this or any other appellate court. Counsel is not aware of any case that is currently pending in this or any other court or agency that will directly affect or be directly affected by this Court's decision in the pending appeal.

2023-2154

IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

EVELYN RODRIGUEZ THOMAS,

Plaintiff-Appellant,

v.

THE UNITED STATES,

Defendant-Appellee.

On Appeal From The United States Court Of Federal Claims
No. 22-cv-426C, Judge Stephen S. Schwartz

DEFENDANT-APPELLEE'S CORRECTED BRIEF

## JURISDICTION

This suit was brought before the United States Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491, and the money mandating statute 42 U.S.C. § 212. This Court possesses jurisdiction over this appeal from the United States Court of Federal Claims under 28 U.S.C. § 1295(a)(3).

## STATEMENT OF THE ISSUE

Whether the board's decision to deny Commander (CDR) Evelyn M. Rodriguez Thomas's application for an increased retirement multiplier based on the record before it was in accordance with the law, and thus the decision of the

United States Court of Federal Claims to affirm the board's decision should be upheld.

## STATEMENT OF THE CASE

### I. Nature Of The Case

Plaintiff-appellant CDR Rodriguez Thomas appeals the United States Court of Federal Claims (the trial court) decision in *Thomas v. United States*, 165 Fed. Cl. 417 (2023). Appx1-5. In its decision, the court affirmed the Board for Correction of Public Health Service Commissioned Corps Records' (board) decision to calculate CDR Rodriguez-Thomas' retirement by giving her credit for twenty-one and a half years of service, which included her education, but not her time in civil service. *Id.* at 421.

### II. Statement Of Facts And Course Of Proceedings Below

CDR Rodriguez Thomas began her career in public service in February 1989. Appx52.[1] At that time, she was in a civil service position with the National Institute of Health (NIH), which is a component of the Public Health Service (PHS). *Id.* She served in that role for 3 years, 6 months, and 27 days. Appx46. In September 1992, CDR Rodriguez Thomas began her first active-duty tour with the Commissioned Corps of the United States Public Health Service (Commissioned Corps). *Id.* Nearly ten years later, in March 2002, CDR Rodriguez Thomas

---

[1] "Appx__" refers to pages in the Joint Appendix.

3

voluntarily terminated her commission, having served for 9 years, 6 months, and 7 days. *Id.* Over ten years later, in October 2013, CDR Rodriguez Thomas began her second active-duty tour with the Commissioned Corps. *Id.* She served for 6 years and 11 months, retiring on September 1, 2020. *Id.* Relevant to this case, CDR Rodriguez Thomas also attended medical school for four years from May 1983 to April 1987, followed by a one-year medical internship from May 1987 to April 1988. Appx55.

Following her retirement, the Commissioned Corps calculated CDR Rodriguez Thomas's retirement multiplier.[2] In conducting that calculation, the Commissioned Corps determined that CDR Rodriguez Thomas had 20 years and four days of total prior active service credit. Appx25. That calculation included CDR Rodriguez Thomas's civil service at NIH and both of her active-duty tours with the Commissioned Corps. *Id.* The Commissioned Corps then credited CDR Rodriguez Thomas with 1 year, 5 months, and 3 days of time in education credit. *Id.* In sum, the Commissioned Corps credited CDR Rodriguez Thomas with 21 years, 5 months, and 7 days of time, which resulted in a 53.55 percent multiplier. *Id.*

---

[2] Under 42 U.S.C. § 212, a retired commissioned officer is "entitled to receive retired pay calculated by multiplying the retired pay base determined under section 1406 of title 10 by the retired pay multiplier determined under section 1409 of such title for the number of years of service credited to the officer under this paragraph."

4

A.  **Board Proceedings**

CDR Rodriguez Thomas challenged the Commissioned Corps' determination to the board.[3]  Appx13.  She argued that she should have been given credit for the entire time she spent in medical school and her internship, and thus she should have been credited with 25 years of service, which would result in a 62.5 percent multiplier.  Appx22.  After seeking an advisory opinion, the board determined that CDR Rodriguez Thomas's multiplier of 53.55 percent was correct and should not be changed.  Appx63-65.  Specifically, the advisory opinion noted that the Commissioned Corps should not have combined CDR Rodriguez Thomas's civil service time with her education credit.  Appx49.  Contrary to CDR Rodriguez Thomas's argument, the advisory opinion (and subsequently, the board) determined that under the general method (defined below), CDR Rodriguez Thomas should not have received *any* credit for her education.  *Id.*  Further, because the alternate method (also defined below), which includes crediting her education, resulted in a higher multiplier than the general method with total creditable service of 21 years, 5 months, and 7 days (which equals a 53.55 percent

---

[3] At the board, CDR Rodriguez Thomas submitted two briefs.  First, she submitted an opening brief along with her application.  Appx15-24.  Second, she submitted a response to the advisory opinion obtained by the board.  Appx79-80.  CDR Rodriguez Thomas did not address the fundamental flaw in her argument in either brief, which is that the general method applies a definition of "active service" that is expressly inapplicable to the alternate method.  We address this more fully below.

multiplier), the board determined that the error made by the Corps – crediting CDR Rodriguez Thomas for all of her civil service at NIH and for part of her medical education – was harmless. *Id.* In other words, because the miscalculation under the general method resulted in the same multiplier as the alternate method, the board determined CDR Rodriguez Thomas was not entitled to relief. *Id.*; Appx81-82. CDR Rodriguez Thomas then appealed to the Court of Federal Claims. Appx6.

### B. Court of Federal Claims Proceedings

CDR Rodriguez Thomas made the same argument before the Court of Federal Claims—that her medical education credit must be included when calculating her retired pay, and as such, she should have 25 years of service credit. Appx102-103. The trial court acknowledged that "[t]he facts of this case are undisputed, and the error Plaintiff alleges is purely legal." Appx3. The trial court determined that CDR Rodriguez Thomas's interpretation was "*contrary to the plain language of the statute.*" *Id*. (emphasis added). Outlining the two methods for calculation, general and alternative, the trial court reiterated that the Government must use whichever method results in the highest service credit. *Id*. The trial court then determined that the alternate method was the correct method to use and stated that "[a]lthough Plaintiff argues that non-uniformed active service should be counted under the alternate method . . . *the language of the statute is*

6

*plain*," and "the Board did not err in calculating Plaintiff's retirement by giving her credit for her education but not her time in civil service." Appx4 (emphasis added). This appeal followed. Appx8.

## SUMMARY OF THE ARGUMENT

CDR Rodriguez Thomas appeals from the trial court decision affirming the board's denial of her application for a higher service credit total and thus a higher retired pay multiplier. CDR Rodriguez Thomas contends that both the trial court's decision and board's decision in this case were legally flawed because they failed to credit her for both her total civil service time and her time spent in medical school and her subsequent internship. Appellant Br. (Applnt. Br.) at 6-11.

CDR Rodriguez Thomas's argument is incorrect on its face. As prescribed by 42 U.S.C. § 212(a)(4)(A), (B), the Corps calculates a retiree's retired pay multiplier using one of two methods. As explained below, under the "general method," CDR Rodriguez Thomas is entitled to credit for her civil service time, but not her education. Under the "alternate method," CDR Rodriguez Thomas is entitled to credit for her time spent in medical school and her subsequent internship, but not her civil service time. Under neither method, however, does the statute allow CDR Rodriguez Thomas to receive credit in the manner she proposes – for both her civil service time *and* her time in medical school. Because the board

7

did not err in its straightforward application of the law, the Court should deny CDR Rodriguez Thomas's request for relief and affirm the trial court's decision.

## ARGUMENT

### I. Standard Of Review

This Court "review[s] a decision of the Claims Court granting judgment on the administrative record without deference, applying the same standard of review as the trial court." *Baude v. United States*, 955 F.3d 1290, 1298 (Fed. Cir. 2020) (citing *Barnick v. United States*, 591 F.3d 1372, 1377 (Fed. Cir. 2010)). Therefore, this Court will not disturb the decision of the board "unless it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Id.*

### II. The Board's Decision Was Made In Accordance With Applicable Law

In this appeal, CDR Rodriguez Thomas challenges the trial court's determination that the board did not err in calculating her retirement. She incorrectly argues that she should be credited with 25 years of service and thus receive a 62.5 percent multiplier. Applnt. Br. at 10. To reach 25 years of service, CDR Rodriguez Thomas asserts that she should be given credit for: (1) 16 years, 5 months, and 7 days of active duty service in the Commissioned Corps; (2) 3 years, 6 months, and 27 days of civil service; and (3) 5 years of medical school and her subsequent internship. *Id.* CDR Rodriguez Thomas *does not challenge* that 53.55 percent is the correct multiplier if her total creditable service is 21 years, 5 months,

and 7 days.[4] *See generally* Applnt. Br. Accordingly, the only question before the Court is what time periods should be included in calculating CDR Rodriguez Thomas's multiplier, and more specifically, whether CDR Rodriguez Thomas must receive credit for both her civil service time and her education time.

As the trial court correctly held, 42 U.S.C. § 212 and the implementing agency manual provide the answer to that question: CDR Rodriguez Thomas is not entitled to credit for both her civil service time at NIH and her education time.

Section 212(a)(4) sets forth how to credit an officer for the number of years of service for calculating a multiplier under 10 U.S.C. § 1409. The statute sets forth two methods of calculating the number of years of service. Under the first method—known as the general method—an officer may be credited "for each year of active service." 42 U.S.C. § 212(a)(4)(A). Under § 212(d), active service includes "all active service in any of the uniformed services" and "active service with the Public Health Service, other than as a commissioned officer, which the Surgeon General determines is comparable to service performed by the commissioned officers of the Regular Corps, except that, if there are more than five years of such service only the last five years thereof may be included." 42 U.S.C. § 212(d). Thus, under the general method, an officer would receive credit

---

[4] Pursuant to 10 U.S.C. § 1409(b), CDR Rodriguez Thomas's multiplier "is the product (stated as a percentage) of—(A) 2 1/2, and (B) the member's years of creditable service (as defined in subsection (c))."

9

for each year of active service, which would include certain periods of civilian service in PHS. The general method, however, does not permit the Commissioned Corps to credit an officer for education because it is not within the definition of "active service." *Id.*; Appx4.

Under the second method—known as the alternate method—"if it results in higher retired pay," an officer may be credited for their education and their active service, but such service is defined differently than under the general method:

> (i) [their] years of active service (***determined without regard to subsection (d)***) as a member of a uniformed service; plus
>
> (ii) in the case of a medical or dental officer, for years and, in the case of a medical officer, who has completed one year of medical internship or the equivalent thereof, one additional year, the four years and the one year to be reduced by the period of active service performed during such officer's attendance at medical school or dental school or during his medical internship.[5]

42 U.S.C. § 212(a)(4)(B) (emphasis added). Through the parenthetical "determined without regard to subsection (d)," Congress explicitly provided that section 212(d) does not apply to the alternate method. Thus, under the alternate method, an officer will receive credit for their education but not their civilian employment.

---

[5] Subsection (iii) involves service prior to May 31, 1958, and is not relevant to this case.

10

Based on the above, the flaw in CDR Rodriguez Thomas's argument is evident. CDR Rodriguez Thomas conflates "each year of active service" under the general method and "years of active service . . . *as a member of a uniformed service*" under the alternate method. According to her argument, under either method, she should be credited with her civil service at NIH (which is a component of the PHS). But her argument is contrary to the plain terms of the statute. *See* Appx3-4.

At the outset, the statute is clear that the Commissioned Corps is to apply one method "*or*" the other. 42 U.S.C. § 212(a)(4). Accordingly, that her creditable service time under the general method (or subsection (a)(4)(A)) includes her civil service time has no bearing on that same calculation under the alternate method (or subsection (a)(4)(B)). And to be sure, when calculating her multiplier under the *general* method, CDR Rodriguez Thomas does receive credit for her civil service (the time she spent with NIH) under section 212(d), which provides that active service includes "active service with the Public Health Service." *Id.* But Congress expressly limited section 212(d)'s applicability. 42 U.S.C. § 212(a)(4)(B)(i). When using the *alternate* method, CDR Rodriguez Thomas may only receive credit for "year of active service . . . *as a member of a uniformed service*." *Id.* (emphasis added). Further, Congress has instructed that the Commissioned Corps must calculate that time "without regard to [§ 212(d)]." *Id.*

11

Accordingly, because section 212(d) does not apply to the alternate method and because CDR Rodriguez Thomas's time in the civil service is necessarily not time "as a member of a uniformed service," she does not get credit for her civil service time at NIH under the alternate method.

The Corps' implementing manual confirms this straightforward reading of the statute. The manual states that "an officer's nondisability retired pay is computed under the general method . . . as well as under the alternate method." Appx35. "The method that results in the highest percentage will then be used in computing the officer's monthly retired pay base." *Id.* Under the general method,

> Retired pay . . . is computed by multiplying the monthly retired pay base . . . by 2 ½ percent times years of creditable service for service retirement eligibility which includes:
> (1) All active service (enlisted and commissioned) in any of the uniformed services; plus
> (2) Employment with PHS, other than as a PHS commissioned officer . . . ; plus
> (3) All active service . . . which is creditable for retirement purposes under the laws governing the retirement of members of any of the other uniformed services.

Appx36. Under the alternate method,

> Retired pay is computed by multiplying the monthly retired pay base . . . by 2 ½ percent times years of creditable service as indicated below:
> (1) All active and inactive service . . . as of May 31, 1958, plus
> (2) Active service in the uniformed services after May 31, 1958; plus

12

> (3) Four years for professional schooling for a medical officer . . . and, for the medical officer who has completed one year of medical internship or its equivalent, one additional year.

*Id.*

The statute and implementing manual are clear – CDR Rodriguez Thomas is not entitled to have her civil service time at NIH included in calculating her years of active service under the alternate method. Likewise, although that time is included in the general method, the general method does not allow CDR Rodriguez Thomas to include her education time in her creditable service. 42 U.S.C. § 212(a)(4)(A) (limiting creditable service to "each year of active service"). Based on those principles and as set forth in the board's decision and in the trial court's decision,[6] the general method thus results in a total creditable service of 20 years and 4 days. Appx64. That includes 16 years, 5 months, and 7 days of active-duty service in the Commissioned Corps and 3 years, 6 months, and 27 days of civil service at NIH. *Id.* The alternate method, on the other hand, results in a total creditable service of 21 years, 5 months, and 7 days. *Id.* That includes 16 years, 5 months, and 7 days of active duty service in the Corps and 5 years of education credit. *Id.* Because CDR Rodriguez Thomas is entitled to utilize the method

---

[6] As the board acknowledged, the Corps improperly credited CDR Rodriguez Thomas with some education credit in utilizing the general method. *See* Appx49. However, that error was harmless. *Id.* As explained above, 53.55 percent is the correct multiplier.

13

resulting in higher pay, *see* 42 U.S.C. § 212(a)(4)(B), both the board and the trial court determined that the alternate method should be used and that CDR Rodriguez Thomas is entitled to a 53.55 percent multiplier. Appx64.

Accordingly, the board did not err, let alone make a decision that was arbitrary, capricious, contrary to the law, or unsupported by substantial evidence when it denied CDR Rodriguez Thomas's application to increase her multiplier to 62.5 percent. CDR Rodriguez Thomas cannot meet her burden to demonstrate that the trial court erred when holding that the board's decision should not be disturbed. Therefore, this Court should affirm the trial court's decision.

## **CONCLUSION**

For these reasons, we respectfully request that this Court affirm the Court of Federal Claims' decision.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/William J. Grimaldi
WILLIAM J. GRIMALDI
Assistant Director

/s/Brittney M. Welch
BRITTNEY M. WELCH
Trial Attorney
United States Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480 | Ben Franklin Station
Washington, DC 20044
(202) 616-3753
brittney.welch@usdoj.gov

December 27, 2023                          *Attorneys for the Defendant-Appellee*

## CERTIFICATE OF COMPLIANCE
## PURSUANT TO FED. R. APP. P. 32(g)(1)

This brief complies with the type-volume limitation of Federal Circuit Rule 32(a)(7)(B). The brief contains 3,108 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b)(3).

The brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

December 27, 2023　　　　　　　　　　　　/s/ Brittney M. Welch
　　　　　　　　　　　　　　　　　　　　BRITTNEY M. WELCH

　　　　　　　　　　　　　　　　　　　　*Attorney for the Respondent-Appellee*